IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-21057

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EMMITT MOORE, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Southern District of Texas
(CR-H-94-137-6)

_____

December 9, 1996

Before REAVLEY, GARWOOD and BENAVIDES, Circuit Judges.[*]

PER CURIAM:

Defendant-appellant Emmitt Moore, Jr. (Moore) complains on appeal that the government breached the plea agreement by not recommending that the defendant was a "minor" participant who should be given a reduction in offense level under section 3B1.2(b) of the Guidelines for having only a "minor" role in the offense. At arraignment, the government stated that it would "recommend a

_____

[*]Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

three-point reduction under the Sentencing Guidelines for acceptance of responsibility, timely notice of intent to plea and a minor role." The government also agreed to file a motion for downward departure under section 5K1.1 of the Guidelines if Moore provided substantial assistance.

The PSR recommended a three-point reduction for acceptance of responsibility, but recommended no reduction for minor role. The government filed a motion for downward departure under section 5K1.1 as agreed. The district court granted this motion. Neither at nor before sentencing did the defendant object to the PSR's failure to give a reduction for a minor role under section 3B1.2(b). The PSR characterized Moore as the "right-hand man" of Odis Jordan, a primary figure in the charged drug trafficking. Defense counsel did not object to this characterization. The defense did, however, seek to invoke the provisions of section 5C1.2 to avoid the statutory minimum sentence of ten years, and in connection with that request sought a two-level decrease under section 2D1.1(4). In response, the government urged that Moore should not get relief under section 5C1.2 because, as Odis Jordan's right-hand man, he did not meet the criteria of section 5C1.2(4) ("was not an organizer, leader, manager or supervisor"). Defense counsel did not object to the government's argument in this respect. The district court granted defense counsel's section 5C1.2 motion, as well as the requested accompanying two-level decrease in offense level under section 2D1.1(4). This resulted in

an offense level of 29—which is the precise offense level defense counsel contended for—and a Guideline range of 87-108 months. The district court sentenced Moore to 108 months, which was below the otherwise applicable statutory minimum of 120 months. Moore had requested consideration of a sentence of sixty months (a level well below what the Guideline range would have been if a further two-level reduction had been given).

We hold that Moore has forfeited (if not indeed waived) any complaint concerning the government's argument that Moore was Jordan's right-hand man and its not recommending an additional two-point reduction for a minor role in the offense under section 3B1.2(b). Defense counsel never sought a section 3B1.2(b) reduction in the trial court, did not object to the PSR's failure to recommend such a recommendation, and objected neither to the government's failure to recommend such a reduction nor to its comments that as Jordan's right-hand man Moore was not entitled to the benefits of section 5C1.2 because he did not meet the criteria of clause (4) thereof. Nor did defense counsel object to the PSR's characterization of Moore as Jordan's right-hand man. The district court granted the section 5C1.2 motion and the two-level section 2D1.1(4) reduction sought by the defense, and utilized the offense level of 29 that the defense requested.

Assuming that there was "plain error," and even that substantial rights might have been affected, we conclude that this is not an appropriate case for us to exercise our discretion to

award relief despite the forfeiture.  We conclude that affirmance does not seriously affect the fairness, integrity, or public reputation of judicial proceedings.  *See United States v. Calverley*, 37 F.3d 160, 164 (5th Cir. 1994), *cert. denied* 115 S.Ct. 1266 (1995).

The judgment of the district court is accordingly

AFFIRMED.